Jose Cruz TAVAREZ, Plaintiff,

v.

**CHAMPION PRODUCTS, INC., Defendant.**

Civ. No. 94–2295 (HL).

United States District Court, D. Puerto Rico.

Nov. 1, 1995.

Jose L. Machicote, Santurce, PR, for plaintiff.

Edward M. Borges, O'Neill & Borges, Hato Rey, PR, for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Defendant has moved to dismiss Plaintiff's claim and for partial summary judgment. Plaintiff has opposed both motions. After carefully reviewing the record, the Court finds that there is no genuine issue as to any material fact on Plaintiff's Law 21 claim, and, therefore Defendant is entitled to partial summary judgment.

## STANDARD OF REVIEW

Plaintiff, Jose Cruz Tavarez ("Cruz"), filed a complaint against Defendant, Champion Products, Inc. ("Champion"), alleging that Champion breached a contract and violated Puerto Rico's Sales Representatives Act ("Law 21"). *See* P.R.Laws Ann. tit. 10, § 279 (1978). In turn, Champion filed a motion to dismiss and, shortly thereafter, a motion entitled "Motion to Dismiss and/or for Partial Summary Judgment" requesting the dismissal of Cruz' Law 21 claim. The Court shall rule on Champion's motion for partial summary judgment.

The Court shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no *genuine* issue as to any *material* fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (emphasis added). The law governing the dispute identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Facts which affect the outcome of the dispute are material. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* In determining if a material fact is "genuine," the Court does not weigh the facts but, instead, ascertains whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.;* *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).

■ Significantly, the moving party bears the initial responsibility of "pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The movant must establish that it is entitled to a judgment as a matter of law. *See Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 928 (1st Cir. 1983). Moreover, under the local rules for the District of Puerto Rico, the movant has the additional burden of filing a brief statement of material facts as to which it contends there is no genuine issue to be tried. Local Rule 311.12. The movant must explain why there is no genuine issue as to each of these facts and properly support its argument by specific reference to the record. *Id.*

■ Once this threshold is met, the burden shifts to the nonmoving party. The nonmovant may not rest on mere conclusory allegations or wholesale denials. *Libertad v. Welch*, 53 F.3d 428, 435 (1st Cir.1995). It also must "set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e); Local Rule 312.11. These material facts must be properly supported by reference to the record, including "any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

■ Not all factual disputes will defeat a motion for summary judgment. "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–250, 106 S.Ct. at 2511. Moreover, a trivial "scintilla of evidence" will not save the nonmovant's case from collapsing. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. The evidence must be precise and competent. *Libertad*, 53 F.3d at 435. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

■ Normally, the Court construes all material facts and reasonable inferences drawn therefrom in favor of the nonmoving party. *Leary*, 58 F.3d at 751. However, when the nonmovant fails to annex a short, concise statement of material facts in its opposing motion, the movant's statement of contested facts is uncontroverted and deemed admitted.[1] Local Rule 311.12; *Laracuente v. Chase Manhattan Bank*, 891 F.2d 17, 19 (1st Cir.1989); *Stepanischen*, 722 F.2d at 930. This procedural defect shackles the nonmoving party to the moving party's portrayal of the events. Although this omission does not signify an automatic defeat, it launches the nonmovant's case down the road toward an early dismissal.

### FACTUAL SETTING

In Cruz' opposition to Champion's motion for summary judgment, he omitted a statement of material facts. As a result of this procedural defect, Champion's statement of material facts are deemed admitted. The facts recounted below reflect Champion's portrayal of the events that lead to this lawsuit.

On July 1, 1985, Champion, a New York corporation, and Domingo García & Associ-

---

1. Local Rule 311.12 has the force of law. *See* Fed.R.Civ.P. 83; 12 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3153 at 224 (1st ed. 1973) ("Because local rules do have the force of law, they should be held to be binding upon parties and upon the court that promulgated them until they are changed by a majority of the judges in the district.").

ates ("García"), a Puerto Rico corporation located in Caparra Heights, Puerto Rico, entered into a sales representation agreement. Champion granted Garcia the exclusive right to solicit orders for Champion products in four territories: Puerto Rico, the Dominican Republic, Jamaica, and the Virgin Islands. Champion agreed to pay García a commission. In return, García assented to use its best efforts to sell the products and to meet a minimum sales quota each year. Both parties agreed to terminate the arrangement on June 30, 1990.

Initially, Plaintiff Cruz was an employee of García. In 1988, however, Cruz acquired the company. Thereafter, Cruz replaced García as Champion's exclusive sales representative. Cruz and Champion never signed a new contract. Cruz simply adopted García's role under the original sales agreement. Champion considered Cruz and García to be interchangeable entities. Accordingly, Champion paid Cruz with checks issued, at times, directly to Cruz and, at other times, to García.[2] When the sales agreement terminated on June 30, 1990, Cruz and Champion continued the same commercial relationship without any interruption until this arrangement finally ended on May 6, 1994.[3]

## THE LEGAL FRAMEWORK

Shortly after Champion dismissed Cruz as its sales representative in the Caribbean region, Cruz filed a complaint in this Court. Cruz alleged that: (1) Champion breached its sales representation contract with Cruz; and (2) Champion violated Puerto Rico's Law 21.

Champion has moved for partial summary judgment on Cruz' Law 21 claim.

■ Law 21 is an offspring of the Dealer's Contract Law, P.R.Laws Ann. tit. 10, § 278 (1976). The Dealer's Contract Law, also known as Law 75, protects Puerto Rican "dealers" from a manufacturer's arbitrary dismissal. It is designed to prevent manufacturers from terminating their commercial relationship with the Puerto Rican distributors who have developed a favorable market for their products. *Medina & Medina v. Country Pride Foods, Ltd.*, 858 F.2d 817, 820 (1st Cir.1988) (Puerto Rico Supreme Court response to certified question, 122 P.R.D. 172 (1988)). Pursuant to Law 75, a manufacturer can not terminate its agreement with a dealer except for "just cause." P.R.Laws Ann. tit. 10, § 278a (1976).

In 1988, the Supreme Court of Puerto Rico in *Roberto, Inc. v. Roberto Colon v. Oxford Indus., Inc.*, 108 J.T.S. 115 (1988) held that Law 75 did not protect sales representatives. Alarmed by the lack of legal protection for sales representatives, the Puerto Rico legislature passed Law 21. *See* 1990 *Leyes y Resoluciones de Puerto Rico*, Pt. 2, Num. 21, at 1482. Resembling Law 75, Law 21 protects Puerto Rico sales representatives from arbitrary dismissal after they create an auspicious market for their employers. The Puerto Rico legislature found that the employers controlled every aspect of the commercial relationship. Paid by only commissions, the employees are exposed to termination without just cause leaving these individuals without a livelihood. Law 21 is an

---

**2.** Champion provides extensive proof of its business relationship with Cruz after 1988. In a sworn affidavit, Champion's Senior Manager of Sales Administration, Kathy Gugino, described their relationship. Moreover, Champion presented several documents establishing their association before the enactment of Law 21 in December 1990, including two checks issued directly to Cruz, and evidence showing that Cruz and García shared the same taxpayer identification number and account number. *See* Dkt. No. 10, Exhibits A–F.

**3.** Even if Champion's factual allegations were not deemed admitted, the evidence confirms that Cruz never entered into a new contract with Champion. In Cruz' complaint, Cruz avowed that he took over García in 1988 and assumed the role of Champion's sales representative. He never mentioned that he entered into a new agreement with Champion. Only after Champion pointed this out did Cruz assert that he entered into an oral contract with Champion in 1991. Moreover, after Champion proffered numerous documents indicating that Cruz and Champion had only one commercial arrangement, Cruz introduced no evidence in opposition. His only support for the existence of a new agreement are his assertions that Champion gave him a different vender identification number than García and that Champion paid García rather than him until 1990. The evidence does not support these attestations. Moreover, they are merely colorable claims that are not significantly probative of a new agreement.

attempt to prevent this disastrous outcome. *Id.*

An essential element of a Law 21 claim is the existence of a "sales representation contract" that is formed *after* December 5, 1990. P.R.Laws Ann. tit. 10, § 279 (1991). The legislative history of Law 21 states: "This act [this chapter] shall take effect immediately after its approval [Dec. 5, 1990], but it shall not be understood as an impairment to the contractual obligations that may have arisen prior to the same." 1990 *Leyes y Resoluciones de Puerto Rico*, Pt. 2, Num. 21, Art. 10, at 1487; *Cf. Warner Lambert v. Superior Court*, 101 D.P.R. 378, 1 Official Translations 527, 561 (1973) (holding unconstitutional the retroactive application of Law 75 to contracts existing at the time of the law's enactment). Neither Champion nor Cruz dispute this prerequisite to a Law 21 claim.

Law 21, therefore, does not apply to Cruz' contract with Champion unless the contract was formed after December 5, 1990 or the parties agreed on a novation after December 5, 1990 altering the conditions to the contract. The existence of a "novation is never presumed . . . it must be established without any trace of doubt." *Warner Lambert*, 1 Official Translations at 544 (1973). If the parties do not expressly declare its existence and if the new contract is not incompatible with the old agreement "on all points," there is no novation. *Id.* at 544–549; P.R.Laws Ann. tit. 31, § 3242 (1991).

Champion has furnished overpowering evidence that Cruz' sales representation contract began in 1988 when Cruz assumed García's obligations under the contract. Although the contract ended by its own terms on June 30, 1990, Cruz and Champion never entered into a new agreement. They continued the same commercial relationship without any significant alteration in the terms of the agreement. There is absolutely no evidence of an express novation, an incompatible change from the old contract, or the existence of a new contract after June 30, 1990. As a result, the Court finds that Law 21 is inapplicable to Cruz' contract with Champion. Champion is entitled to a judgment on Cruz' Law 21 claim as a matter of law.

Notably, Cruz conceded the portrayal of these events by failing to annex a short, concise statement of material facts to his opposition of partial summary judgment. Even if the Court overlooked this procedural defect, the result would be the same. Champion produced substantial evidence establishing that they had only one contractual relationship with Cruz. Moreover, the documentation shows that the relationship began *before* December 5, 1990. Champion introduced the following documents as evidence: (1) Cruz' complaint; (2) an affidavit by Champion's Senior Manager of Sales Administration attesting to Champion's commercial relationship with Cruz; (3) invoices considering Cruz and García as the same entity since 1988; and (4) a listing of commissions distributed to Cruz since 1991.

In response, Cruz failed to carry his burden of coming forward with evidence of a genuine issue of material fact in dispute. Without introducing any documents of his own or requesting time for discovery under Rule 56(f), Cruz attempted to point out contradictions in Champion's documents.[4] Fed. R.Civ.P. 56(f). These contradictions, however, are not material and do not satisfy Cruz' burden. The mere fact that Champion used different vender identification numbers for Cruz and García does not offset the evidence indicating that they were treated as the same entity. Cruz himself stated in his complaint that he acquired García and, thereafter, Champion considered Cruz to be García's replacement. Furthermore, Cruz' argument

---

**4.** Under Federal Rule of Civil Procedure 56(f), Cruz could have moved to delay the partial summary judgment motion until he could gather the essential evidence to support his claim. *See, e.g., Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198 (1st Cir.1994); *Price v. General Motors Corp.*, 931 F.2d 162 (1st Cir.1991). Furthermore, Champion filed its motion for partial summary judgment on December 20, 1994.

Cruz has had at least nine months to conduct discovery and alert the Court about any new evidence supporting his Law 21 claim. As Judge Selya eloquently stated: a "litigant . . . cannot routinely be rewarded for somnolence and lassitude." *Puleio v. Vose*, 830 F.2d 1197, 1203 (1st Cir.1987), *cert. denied*, 485 U.S. 990, 108 S.Ct. 1297, 99 L.Ed.2d 506 (1988).

that he had no contractual relationship with Champion before 1991 flies in the face of the documentation establishing this affiliation.

The only evidence substantiating Cruz' claims are his conclusory assertions that he entered into an oral contract with Champion in early 1991. Cruz filed these statements in response to Champion's motion to dismiss for failure to sue under a contract created after December 5, 1990. On this scintilla of evidence alone, no reasonable jury could return a verdict in Cruz' favor. In response to Champion's evidence that the commercial relationship began before the enactment of Law 21, Cruz is only able to introduce a metaphysical doubt as to the existence of a new contract after December 5, 1990. This is not enough.

Consequently, the Court finds that Cruz' Law 21 claim is without merit. Cruz and Champion entered into a contract before the enactment of Law 21. Cruz has failed to adduce more than a scintilla of evidence that the parties entered into a new agreement or created a novation of the old agreement. Law 21 can not be retroactively applied to their commercial relationship. Accordingly, the Court grants Champion's motion for partial summary judgment dismissing Cruz' Law 21 claim with prejudice. Cruz' breach of contract claim remains to be adjudicated.

**IT IS SO ORDERED.**