**Pedro COSME ROSADO,
et als., Plaintiffs,**

v.

**Alfredo SERRANO RODRIGUEZ,
et als., Defendants.**

**Civil No. 98–1491 (JAG).**

United States District Court,
D. Puerto Rico.

March 22, 2002.

---

Antonio Bauza–Torres, San Juan, PR, for plaintiffs.

Isabel Garces–Castro, Guaynabo, PR, Eduardo A. Vera–Ramirez, San Juan, PR, for defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiffs, Pedro Cosme–Rosado, Lydia Esther Rosado–Figueroa, and their conjugal partnership; Maria Teresa Cosine; Pedro Orlando Cosine–Rodriguez; and Yaritza Cosine–Rodriguez, brought suit under 42 U.S.C. §§ 1983 and 1988, the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and various state laws against Defendants, Alfredo Serrano–Rodriguez ("Serrano"), Mayor of the City of Naranjito and President of the local Popular Democratic Party, in his individual and official capacities; 3–C Construction; Cristino Cruz, and his conjugal partnership, seeking monetary damages for alleged constitutional violations, injunctive relief, and attorney's fees and costs. Defendants have moved for summary judgment (Docket No. 30). Plaintiffs have not filed a statement of contested material facts with specific

references to record. After applying Local Rule 311.12, the Court grants Defendants' motion.

## FACTUAL BACKGROUND

Plaintiffs are leaders and members of the New Progressive Party (NPP) and Defendants are members of the Popular Democratic Party (PDP). Plaintiffs allege that Defendants continually harassed them from 1992 to 1998 because of the their political affiliation. Specifically, Plaintiffs allege that Defendants illegally expropriated their land and forced them to live in rented homes. Plaintiffs further contend that their properties were subject to damages before the expropriation process began and that many of their belongings were destroyed. (Docket 40, Opposition to Summary Judgment, p. 3) Notwithstanding Plaintiffs allegations, the uncontested facts[1] establish that: In February 1993, Plaintiffs received a letter from Serrano in which the City stated an interest to expropriate their properties. (Docket 40, Exhibit No. 1). On July 21, 1994, the Municipal Assembly notified Plaintiffs that the Municipality was interested in expropriating their property and summoned them to voice their concerns at a public hearing to be held the next day. (Docket 30, Exhibit No. 3). On August 10, 1994, the Municipal Assembly approved an Ordinance authorizing the Municipality to begin expropriation proceedings. (Docket 30, Exhibits No.4). On August 12, 1994, Mayor Serrano signed the Ordinance. *Id.* The Puerto Rico Planning Board also approved the expropriation. (Docket 30, Exhibits No. 5). On June 6, 1996, a state court held that defendants complied with all the legal requirements needed to expropriate Plaintiffs'

properties and ordered the expropriation of Plaintiffs' properties. (Docket 30, Exhibit No. 2, pages 1–4); (Docket 30, Exhibit No. 7, pages 1–3). In February 1999, Plaintiffs recovered their properties' value when the parties settled the expropriation sum and Plaintiffs withdrew their compensation. (Docket 30, Exhibit No. 6).

## DISCUSSION

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must demonstrate "an absence of evidence to support the nonmoving party's case." *See Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e).

Local Rule 311.12 requires the moving party to file and annex to the motion a "separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried," properly supported by specific references to the record. Similarly, the rule requires the non-moving party to file a statement of contested material facts. All material facts set forth in the moving party's statement *"will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."* (Emphasis supplied.) The First

---

1. Since plaintiffs have violated this Court's "anti-ferret" rule by failing to file a Statement of Contested Material Facts with specific references to the record, the facts contained in defendants' Statement of Uncontested Material Facts are deemed admitted. Unless otherwise noted, the facts contained in this section are culled from the Statement of Uncontested Material Facts. See Local Rule 311.12; *Morales v. Orssleff's EFTF,* 246 F.3d 32, 33 (1st Cir.2001).

Circuit has consistently upheld the validity of Local Rule 311.12. *See, e.g., Morales v. Orssleff's EFTF,* 246 F.3d 32, 33 (1st Cir. 2001); *Rivas v. Federacion de Asociaciones Pecuarias,* 929 F.2d 814, 816 n. 2 (1st Cir.1991).

As noted earlier, Plaintiffs failed to submit a concise statement of contested material facts properly supported by specific references to the record. As a result, Plaintiffs have failed to comply with the so-called "anti-ferret rule," as they have not presented a concise statement of material facts as to which there is a genuine issue to be tried.

■ The Court is not required to "ferret through the record" lurking for facts that may favor Plaintiffs when those facts were not proffered under a counterdesignation of facts as required by Local Rule 311.12. *Morales,* 246 F.3d at 33. "When a party opposing a motion for summary judgment fails to comply with the 'anti-ferret rule,' the statement of material facts filed by the party seeking summary judgment [shall be] deemed ... admitted." *Mendez Marrero v. Toledo,* 968 F.Supp. 27, 34 (D.P.R.1997); *Tavarez v. Champion Prods., Inc.,* 903 F.Supp. 268, 270 (D.P.R. 1995).

■ Here, Plaintiffs took the risk "to sit idly by and allow the summary judgment proponent to configure the record." *Kelly v. United States,* 924 F.2d 355, 358 (1st Cir.1991). Although the nonmovant's failure to provide a statement of contested material facts does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road towards an easy dismissal." *Mendez Marrero,* 968 F.Supp. at 34. Since all material facts in Defendants' statement of uncontested material facts are deemed admitted, the Court need only examine whether, given the uncontested facts, Defendants are entitled to judgment as a matter of law.

In order to prevail on a § 1983 claim and other federal constitutional claims, Plaintiffs must establish: (1) that the conduct complained of was committed by a person acting "under color of state law," *see Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); (2) that Defendants' conduct "deprived plaintiff[s] of rights, privileges or immunities secured by the Constitution or laws of the United States", *see Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir.1985); and (3) that a causal connection exists between the defendants' actions and the alleged deprivation. *See Soto v. Flores,* 103 F.3d 1056, 1061–62 (1st Cir.1997).

## 1. DUE PROCESS CLAIM

■ Under the Fourteenth Amendment to the Constitution, no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. IV, § 1. In order to establish a procedural due process claim under § 1983, Plaintiffs must allege first that they have a property interest as defined by state law and, second, that Defendants, acting under color of state law, deprived them of that property interest without a constitutionally adequate process. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265,(1982); *PFZ Properties, Inc. v. Rodriguez,* 928 F.2d 28, 30(1st Cir. 1991).

■ Upon review of the record the Court concludes that although Plaintiffs had a legitimate property interest in their land they were deprived of it through a constitutionally adequate process. The "Fifth Amendment does not proscribe taking of property; it proscribes taking without just compensation." *See Williamson County Regional Planning Commission v. Hamilton Bank,* 473 U.S. 172, 195, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). No

constitutional violation occurs until just compensation has been denied. *Id.* Just compensation need not be paid in advance of, or contemporaneously with the taking. *Id.* All that is constitutionally required is the existence of an adequate provision for obtaining compensation at the time of the taking. *Id.*

■ Due process sometimes requires some type of notice or hearing prior to the deprivation in order to prevent arbitrary deprivations before they occur. *See Zinermon v. Burch,* 494 U.S. 113, 127–133, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). If the officials who deprive an individual of his property have authority to provide a pre-deprivation process, a post-deprivation remedy does not satisfy due process unless there is necessity for prompt governmental action. *Id; see also Logan,* 455 U.S. at 436, 102 S.Ct. 1148. Pre-deprivation remedies are appropriate for deprivations carried out pursuant to a governmental practice or established policy. *See Zinermon,* 494 U.S. at 138, 110 S.Ct. 975.

■ Given the uncontested facts, this Court cannot infer that Plaintiffs due process rights were violated. The expropriation at all times was done according to law. The Municipality notified their interest in Plaintiffs' property by means of a letter, and also provided for a public hearing before the taking. (Docket 40, Exhibit No.1); (Docket 30, Exhibit No.3). Thus Plaintiffs were afforded pre-deprivation due process.

Also, an adequate provision to obtain compensation through judicial process in the Courts of Puerto Rico existed at the time of the taking. (Docket 30, Exhibit No. 2). Plaintiffs indeed sought compensation in the Puerto Rico court proceeding and it was granted. (Docket 30, Exhibit No. 6). The only way they could prevail on their damage claims for deprivation of due process is to prove that the remedies granted were inadequate. *Hudson v.*

*Palmer,* 468 U.S. 517, 539, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Culebras Enterprises v. Rivera Rios,* 813 F.2d.506, 515 (1st Cir.1987). Plaintiffs, however, do not contend that the Commonwealth's condemnation remedy was inadequate. They cannot, therefore, claim a lack of adequate procedural due process. They simply contend that the expropriation was wrongful because it was motivated by a discriminatory animus based on political affiliation. (Docket 40, Exhibit No. 3, page 6).

## 2. POLITICAL DISCRIMINATION CLAIM

■ It is well established that political discrimination restrains freedom of belief and association, core activities protected by the First Amendment. *See Elrod v. Burns,* 427 U.S. 347, 354, 96 S.Ct. 2673, 49 L.Ed.2d 547,(1976); *Padilla–Garcia v. Guillermo Rodriguez,* 212 F.3d 69, 74 (1st Cir.2000). In order to establish a valid claim based on political discrimination, Plaintiffs must establish a *prima facie* case by demonstrating that: 1) they engaged in constitutionally protected conduct; and 2) that this conduct was a substantial or motivating factor in an adverse decision. *See Mt. Healthy City School District Board v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Padilla–Garcia,* 212 F.3d at 74. Once Plaintiffs establish their *prima facie* case, Defendants are given the opportunity to establish, by a preponderance of the evidence, that they would have taken the same action regardless of the Plaintiffs' political beliefs. *See Mt. Healthy,* 429 U.S. at 287, 97 S.Ct. 568. If Defendants are able to demonstrate that they would have taken the same action regardless of the protected speech, Plaintiffs' claim must fail. *See Padilla–Garcia,* 212 F.3d at 78.

■ A review of the record reveals that Plaintiffs' *prima facie* case is very

weak. Plaintiffs have submitted evidence that they are active supporters for the NPP. (Docket 40, Opposition to Motion for Summary Judgment, p. 1; Exhibit No.3). They have failed, however, to establish that their political affiliation motivated Serrano to expropriate their property. *See Vázquez v. Lopez–Rosario*, 134 F.3d 28, 36 (1st Cir.1998). Plaintiffs have not proffered any evidence indicating that Serrano induced the Municipality of Naranjito to specifically expropriate Plaintiffs' properties based on their political affiliation. Plaintiffs rely on generalized assertions of Defendants' affiliation with the rival party and the enactment of the Ordinance following the November 1992 elections. In their motion in opposition to summary judgment they only point out to the complaint's allegations, but muster no evidence to support such allegations.

Where the Complaint's allegations state a claim under which relief may be granted, a motion to dismiss should not prosper. *See* Fed.R.Civ.P. 12(b)(6); *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir. 1993). This is not the case here, however, where the Court is confronted with a motion for summary judgment. To defeat summary judgment, Plaintiffs cannot simply rely on mere allegations. *See Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994). Plaintiffs must present some admissible evidence in opposition to the motion going beyond the Complaint's allegations or arguments of Counsel. *Id; see also Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

The only piece of evidence that Plaintiffs proffer in support of the alleged political discrimination is Pedro Cosme's deposition, which states that Mayor Serrano voiced his intention to rid the town of NPP activists. (Docket 40, Exhibit No.3). This meager showing is patently insufficient to generate the requisite causal connection between Plaintiffs' political affiliation and the adverse actions alleged in the Complaint. *See Figueroa–Serrano v. Ramos Alverio*, 221 F.3d 1, 7 (1st Cir.2000). Moreover the uncontested facts clearly establish that the expropriation was performed according to law. (Docket 30, Exhibits 2, pages 1–3, 4, 5 and 7, pages 1–3). Defendants have, therefore, shown through undisputed evidence that they expropriated plaintiff's property according to law regardless of plaintiffs' political affiliation.

## 3. ABSOLUTE IMMUNITY

Plaintiffs contend that absolute immunity does not apply to Serrano because he is not a local legislator. According to Plaintiffs the 1994 Ordinance was an "injurious act" that illegally stripped Plaintiffs' of their land. They claim that an illegal legislative act cannot be said to be a legitimate legislative action. We reject these arguments.

There is no support in the case law for Plaintiffs' claim that the legislative act must be "legitimate" for absolute immunity to apply. *See Figueroa–Serrano v. Ramos–Alverio*, 221 F.3d 1, 7 (1st Cir. 2000). Absolute immunity does not apply to administrative or executive officers, but they may be protected by absolute immunity for carrying out quasi-judicial or legislative functions. *See Briscoe v. La Hue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). The touchstone is the nature of the contested action, not the job title of the official who is sued. *See Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). It is well settled that signing an ordinance into law is quintessentially a legislative function. *See Bogan v. Scott–Harris*, 523 U.S. 44, 54–55, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998); *Figueroa–Serrano*, 221 F.3d at 7. This immunity

privilege prevails even if the official performing the legislative function has a bad motivation or "unworthy purpose". *See Acevedo–Garcia v. Vera–Monroig*, 204 F.3d 1, 8 (1st Cir.2000).

Here, the expropriation conforms to Ordinance no.6, series 1994–95. (Docket 30, Exhibits No.4 and 5). This Ordinance was approved by the Municipality of Naranjito and signed into law by Serrano.

■ In order to establish that Serrano's actions were covered by absolute immunity, we have to determine the nature of the function he performed in signing the Ordinance. Absolute immunity applies were the ordinance bears all the hallmarks of traditional legislation. *See Bogan*, 523 U.S. at 53, 118 S.Ct. 966. On the other hand, the immunity does not apply to the approval of ordinances of an administrative nature. *See Acevedo–Garcia*, 204 F.3d at 9.

The nature of a legislative act implies that the facts underlying a decision are "generalizations concerning a policy or state of affairs." *See Cutting v. Muzzey*, 724 F.2d 259, 261 (1st Cir.1984). If the decision stems from specific facts relating to particular individuals or situations, the act is administrative. *Id.* Also, the Court must consider the impact the action bears. *Id.* "If the action involves establishment of a general policy" it is legislative, "if it singles out specific individuals and affects them differently from others it is administrative." *Id.*

■ Here, Serrano's acts of approving and signing the ordinance are legislative in nature. The ordinance stems from Puerto Rico's General Law of Expropriation, of March 12, 1903, as amended by Law No.

81 of August 1991, and Law No. 84 of October 29, 1992. (Docket 30, Exhibit 4).

This Ordinance follows Puerto Rico's general policy concerning expropriation proceedings. It does not single out specific individuals, as would, for example, be the case of an employment discharge ordinance. *See Acevedo–Garcia*, 204 F.3d at pp. 8–9. The General Law of Expropriation applies "generally" to all individuals that are subject to an expropriation by the government. Accordingly, Serrano is immune from this suit under the doctrine of absolute immunity doctrine.

## 4. QUALIFIED IMMUNITY

■ Assuming, *arguendo*, that Serrano's actions are not covered by absolute immunity, he would still enjoy qualified immunity from personal liability for money damages. Qualified immunity shields government officials from civil damages for performing discretionary functions "insofar as their conduct does not violate clearly established rights of which a reasonable person would have known." *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).[2]

[19] The first inquiry is whether the constitutional right asserted by Plaintiffs was clearly established at the time of the alleged violation. The second, assuming the right was clearly established, is whether a reasonable officer in the same situation would have understood that the challenged conduct violated that established right. *See Aponte Matos v. Toledo Davila*, 135 F.3d 182, 186 (1st Cir.1998). A state actor claiming qualified immunity must do so either under a theory that the asserted constitutional right was not clear-

**2.** *Harlow* involved an action for violations of constitutional rights against federal agents under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The analysis of a qualified immunity defense, however, is identical in actions brought under § 1983 and *Bivens*. *See Abreu–Guzman v. Ford,* 241 F.3d 69, 73 (1st Cir.2001).

ly established or under the theory that his conduct satisfies the test of objective legal reasonableness. *See Camilo–Robles v. Hoyos,* 151 F.3d 1, 5–6 (1st Cir.1998).

 The qualified immunity standard is an objective one. *See Crawford–El v. Britton,* 523 U.S. 574, 590, 118 S.Ct. 1584, 140 L.Ed.2d 759(1998). The granting of summary judgment based on objective reasonableness grounds of the qualified immunity defense is not appropriate where there is a factual issue as to an essential element of Plaintiffs' claim that bears on the determination of the objective reasonableness of the Defendants' actions. *See Swain v. Spinney,* 117 F.3d 1, 10 (1st Cir.1997). Here, given the uncontested facts, it was objectively reasonable for Serrano to believe that his actions would not violate Plaintiffs' rights because they were at all times supported by an Ordinance, approval from the Puerto Rico Planning Board and judicial authorization from a Puerto Rico state court. Thus, Serrano is also shielded from monetary liability by the doctrine of qualified immunity.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion for summary judgment. Judgment will be entered dismissing the Complaint with prejudice. Since the federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims. They will be dismissed without prejudice.

IT IS SO ORDERED.