# United States Court of Appeals

## For the First Circuit

No. 02-1600

PEDRO COSME-ROSADO; LYDIA ESTHER ROSADO-FIGUEROA;
CONJUGAL PARTNERSHIP COSME-ROSADO; MARIA TERESA-COSME;
PEDRO ORLANDO COSME-RODRIGUEZ; YARITZA COSME-RODRIGUEZ,

Plaintiffs, Appellants,

v.

ALFREDO SERRANO-RODRIGUEZ, AS MAYOR OF THE CITY OF
NARANJITO; 3-C CONSTRUCTION; CRISTINO CRUZ; JANE DOE, 98CV1491;
CONJUGAL PARTNERSHIP, CRUZ-CRUZ,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Boudin, Chief Judge,

Lynch and Howard, Circuit Judges.

Antonio Bauza Torres for appellants.
Laura Lis López-Roche, Assistant Solicitor General, with whom
Roberto J. Sánchez Ramos was on brief for appellee Alfredo Serrano-
Rodriguez.

March 2, 2004

**HOWARD**, **Circuit Judge**.  Seeking monetary damages and prospective injunctive relief, several landowners brought a federal lawsuit against the mayor of Naranjito, Puerto Rico, for alleged violations of rights secured under the federal Constitution and commonwealth law.  See 42 U.S.C. § 1983; 28 U.S.C. § 1367(a).  The district court granted summary judgment for the mayor on all federal claims and dismissed the commonwealth claims without prejudice, see 28 U.S.C. § 1367(c), upon finding that the landowners had failed to comply with Local Rule 311.12 and had therefore admitted the veracity of the mayor's version of material facts.  The landowners now challenge the court's application of Rule 311.12.  We affirm.

## I.

We sketch the procedural history, reserving for later a more detailed recitation of the pertinent facts.

On May 5, 1998, plaintiffs-appellants Pedro Cosme-Rosado, Lydia Esther Rosado-Figueroa, Maria Teresa-Cosme, Pedro Orlando Cosme-Rodriguez, and Yaritza Cosme-Rodriguez ("Plaintiffs") –– all landowners and members of the New Progressive Party in Puerto Rico –– filed a complaint in federal court against defendant-appellee Alfredo Serrano-Rodriguez ("Serrano") –– the president of

the local chapter of the Popular Democratic Party and the mayor of Naranjito, Puerto Rico.[1]  The complaint alleged, inter alia, that:

> [S]ince 1992 and up until 1998, defendant Alfredo Serrano[2] has hostigated [sic] and threatened Plaintiffs that he would destroy all the belongings, home, and peace of Plaintiffs [and that] he would throw them out of their house and would appropriate [sic] their land with the excuse of building a parking lot because they were and are members of the New Progressive Party and have so expressed publicly[;] . . .
>
> [Serrano and others] entered in a conspiracy . . . and began using heavy machinery and destroyed the access of Plaintiffs to their home and property[; and]
>
> [Serrano's] actions under color of law were arbitrary, capricious, politically motivated, and without due process . . . [in violation of] the First, Fifth and/or Fourteen[th] Amendments of the Constitution . . . .

On these bases, the plaintiffs sought, inter alia, (1) a permanent injunction restraining Serrano from "further violating the rights, privileges and immunities guaranteed to Plaintiffs under the Constitution"; (2) "compensatory damages to each plaintiff in the amount of one million dollars"; and (3) "punitive and exemplary

---

[1]Although the complaint named several defendants, Serrano was the only defendant who answered.  Because the remaining defendants failed to respond, the district court entered a default judgment against them on September 30, 1999.  This appeal involves only Serrano.

[2]Although the complaint originally named Serrano in both his official and personal capacities, the plaintiffs later voluntarily dismissed their claims against Serrano in his official capacity.

-3-

damages to each plaintiff in the amount of two hundred and fifty thousand dollars."

On March 24, 2000, Serrano filed a motion for summary judgment and a separate statement of uncontested facts complete with several citations to the record. On April 14, 2000, the plaintiffs responded by filing an opposition to Serrano's motion together with a sparsely cited statement of material facts and a sworn statement in support thereof.

On March 22, 2002, the district court granted Serrano's motion.[3] The court's decision was based on an application of Local Rule 311.12,[4] which required both the moving and nonmoving parties to file a separate statement of material facts "properly supported by specific references to the record." D.P.L.R. 311.12. See Pedro Cosme-Rosado v. Alfredo Serrano-Rodriguez, 196 F. Supp. 2d 117, 119 (D.P.R. March 22, 2002). Because the court determined that the plaintiffs had failed to provide a supported factual basis for their claims against Serrano, it deemed admitted the properly

---

[3]Although the court's memorandum of decision refers to multiple defendants, see Pedro Cosme-Rosado v. Alfredo Serrano-Rodriguez, 196 F. Supp. 2d 117, 125 (D.P.R. March 22, 2002) (listing the various defendants and later noting that, "[f]or the foregoing reasons, the Court grants defendants' motion for summary judgment" (emphasis added)), there is no indication in the record that the court ever lifted the default judgment against the remaining defendants. See supra n.1.

[4]The District of Puerto Rico amended its local rules in September 2003. However, because this lawsuit was brought prior to the effective date of those amendments, we refer throughout to the pre-amended version.

supported facts set forth in Serrano's statement. See id. at 120 n.1. Based on those facts, it discerned no genuine issue as to (1) the due process claim, see id. at 122; (2) the political discrimination claim, see id. at 123; or (3) Serrano's entitlement to absolute immunity, or, alternatively, qualified immunity, see id. at 124-25.

**II.**

The plaintiffs now challenge the entry of summary judgment on their due process and political discrimination claims. In so doing, they argue that the district court erred in concluding that they had failed to comply with Local Rule 311.12. Because we discern no error either in the court's application of the Rule or in its conclusion that there existed no genuine issue for trial on the merits as to either claim, we affirm without addressing the immunity issue.

**A.  Local Rule 311.12**

The District of Puerto Rico has adopted a local rule requiring a party who moves for summary judgment to submit, in support of the motion, a "separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record." D.P.L.R. 311.12. Once a movant complies with this

directive -- as Serrano did here[5] – the same rule then obligates the plaintiffs, as the opposing party, to submit a "<u>separate</u>, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, <u>properly supported by specific reference to the record.</u>"  <u>Id.</u> (emphases added); <u>accord</u> <u>Corrada Betances</u> v. <u>Sea-Land Serv., Inc.</u>, 248 F.3d 40, 43 (1st Cir. 2001).

We have consistently upheld the enforcement of this rule, noting repeatedly that "parties ignore [it] at their peril" and that "failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted."  <u>Ruiz Rivera</u> v. <u>Riley</u>, 209 F.3d 24, 28 (1st Cir. 2000) (citing prior cases); <u>accord</u> <u>Morales</u> v. <u>A.C. Orssleff's EFTF</u>, 246 F.3d 32, 33 (1st Cir. 2001).

As noted above, the plaintiffs argue that the district court erred in concluding that they had not complied with Local Rule 311.12.  For support, they point to (1) the "Factual Background" section contained within their opposition memorandum and (2) the separate statement of material facts (and sworn statement in support thereof) filed along with it.

---

[5]The district court's conclusion in this regard is not challenged on appeal.

Because the plaintiffs invite us to look to the "Factual Background" section <u>contained within</u> their opposition memorandum as proof that the district court erred in applying Local Rule 311.12, we note at the outset that the rule has been interpreted as a requirement that the nonmovant file a statement of material facts <u>separate from</u> -- and <u>annexed to</u> -- the opposition memorandum. <u>See</u> <u>Vargas-Ruiz</u> v. <u>Golden Arch Dev., Inc.</u>, 283 F. Supp. 2d 450, 458 (D.P.R. June 30, 2003) ("[A] party opposing a motion for summary judgment is . . . required to file <u>as an annex</u> to the opposition motion: a separate, short, and concise statement of the material facts . . . ." (internal quotation marks omitted and emphasis retained)); <u>accord</u> <u>Tavarez</u> v. <u>Champion Prods., Inc.</u>, 903 F. Supp. 268, 270 (D.P.R. Nov. 1, 1995). In any event, the plaintiffs' "Factual Background" section fails to provide the allegations and citations necessary to controvert the dispositive facts set forth in Serrano's statement.[6] We thus turn to the plaintiffs' statement of material facts.

The district court correctly determined that the plaintiffs' statement of material facts failed to comply with Local Rule 311.12: Out of twelve paragraphs of allegations, only two cite to the record.[7] Moreover, within these two paragraphs, there

---

[6]<u>See</u> <u>infra</u> nn. 9 & 11 and accompanying text.

[7]Citations to the record (in the form of exhibits) are provided for the following "material facts":

exists only one (arguably) material allegation -- and the accompanying citation merely points the court generally to a thirty-page deposition without providing any page numbers. This is not enough. See Morales, 246 F.3d at 35 ("[I]n his submissions to the district court, plaintiff made only a general reference to [a witness's] testimony without pinpointing where in that 89-page deposition support for that reference could be found. This is precisely the situation that Local Rule 311.12 seeks to avoid.").[8] Accordingly, the "uncontested" facts pleaded by Serrano were properly deemed admitted, see D.P.L.R. 311.12 ("All material facts set forth in the statement required to be served by the moving party shall be deemed to be admitted unless controverted by the statement required to be served by the opposing party."), and summary judgment rightly followed. See Tavarez, 903 F. Supp. at

---

[1] After taking office in 1993, [Serrano] made good on his word. Harassing increased. On January 17, 1995, Plaintiffs filed a complaint in [a Puerto Rico court] as to destroying access to their property by defendant Serrano. Serrano complied partially. Exhibit 3.

[2] By August 10, 1998, Serrano had not placed [the Puerto Rico court] in a position to adjudicate [the plaintiffs'] just compensation. Exhibit 7. Finally, on February 17, 1999, Serrano stipulated a just compensation to [the plaintiffs], Exhibit 8, and on February 26, Serrano's attorney filed a stipulation. Exhibit 9. A year after the filing of the instant case.

[8]Given the purposes behind Rule 311.12, we reject the assertion that a plaintiff's sworn statement (attesting to the accuracy of the facts alleged in the proffered Rule 311.12 document) can serve as an adequate substitute for the requisite citations to the record.

270 ("Although [failure to comply with Local Rule 311.12] does not signify an automatic defeat, it launches the nonmovant's case down the road toward an easy dismissal."). We briefly explain, in the context of each claim.

## B. **The Procedural Due Process Claim**

In order to establish a procedural due process claim under 42 U.S.C. § 1983, the plaintiffs must show that (1) they have a property interest as defined by state law; and (2) Serrano, acting under color of state law, deprived them of that property interest without constitutionally adequate process. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982); see also Mimiya Hosp., Inc. v. U.S. Dept. Of Health and Human Services, 331 F.3d 178, 181 (1st Cir. 2003) ("It is well established that 'individuals whose property interests are at stake are entitled to notice and an opportunity to be heard.'" (quoting Dusenbery v. United States, 534 U.S. 161, 167 (2002))).

Here, no such claim was established. Nowhere do the plaintiffs even allege that they were deprived of process due them under the Constitution.[9]

_____

[9]The closest that the plaintiffs come to creating such an issue is the following allegation (and accompanying citation) in the "Factual Background" section of the opposition memorandum:

By March 20, 1997, Serrano had been ordered by a [Puerto Rico court] to comply with [the] court's order and that municipality could not evict Plaintiffs from their property. Exhibit 5. Court admonished Serrano that a year had elapsed and that Serrano had not placed Court in

The summary judgment papers indicate that there was sufficient process: in February 1993, the plaintiffs received a letter from Serrano in which the City stated an interest in expropriating their properties;[10] on July 21, 1994, the Municipal Assembly notified the plaintiffs that the City was interested in expropriating their property and summoned them to voice their concerns at a public hearing to be held the next day; a public hearing was, in fact, held, and Cosme-Rosado was in attendance; on August 10, 1994, the Municipal Assembly approved an ordinance authorizing the Municipality to begin expropriation proceedings; the Puerto Rico Planning Board also approved the expropriation; on June 6, 1996, a Puerto Rico court determined that the defendants had complied with all the legal requirements needed to expropriate their properties and ordered the expropriation; and, on February 17, 1999, the plaintiffs finally recovered their properties' value pursuant to a settlement agreement. Given these uncontested facts,

a condition to allow Plaintiffs to recover their properties' value. By that time, Serrano [and another defendant] had produced intense damage and irreparable [sic] to Plaintiffs.

At most, this allegation establishes that Serrano may have been in contempt for failure to comply with a scheduling order -- a failure that, given the uncontested facts set forth in the text, is inadequate to establish a genuine issue as to the due process claim that ultimately was filed in federal court.

[10]The plaintiffs admitted the preceding fact in their own papers. All others are derived from Serrano's "Statement of Uncontested Facts."

we cannot conclude that the district court erroneously granted summary judgment for Serrano on the due process claim.

### C.  **The Political Discrimination Claim**

In order to establish a claim of political discrimination, the plaintiffs initially bear the burden of showing that (1) they engaged in constitutionally protected conduct; and (2) this conduct was a "substantial" or "motivating" factor behind Serrano's decision to expropriate their properties.  See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); see also Collins v. Nuzzo, 244 F.3d 246, 252 (1st Cir. 2001).  If the plaintiffs had met that burden -- which they did not -- Serrano would then have been obligated to demonstrate by a preponderance of the evidence that the expropriation would have occurred even in the absence of the plaintiffs' protected conduct. See Mt. Healthy, 429 U.S. at 287.

The district court's "review of the record reveal[ed] that the plaintiffs' . . . case [was] very weak."  Pedro Cosme-Rosado, 196 F. Supp. 2d at 119.  We agree.  While the plaintiffs established that they are members of and active participants in the New Progressive Party -- the rival of the Popular Democratic Party to which Serrano belonged -- they failed to establish a genuine issue of material fact as to whether their party membership was a substantial factor behind the expropriation of their properties.

-11-

As the district court observed, "the only piece of evidence that the plaintiffs proffer[ed] in support of the alleged political discrimination is Pedro Cosme's deposition, which states that Mayor Serrano voiced his intention to rid the town of NPP activists." Id. at 123. Presented with a similar situation in Figueroa-Serrano v. Ramos Alverio, 221 F.3d 1, 7 (1st Cir. 2000),[11] we held that such a "meager showing is patently insufficient to generate a genuine issue of material fact on a causal connection between the political affiliation of the plaintiffs and the adverse . . . actions alleged." So too, here, where the plaintiffs' noncompliance with Local Rule 311.12 and the admitted facts -- most notably, the approval of the expropriation by both the Puerto Rico Planning Board and the Municipal Assembly together with the state court order of expropriation -- has resulted in their patent failure to establish that the properties were expropriated for other than lawful purposes.

## III.

For the reasons stated above, we **affirm** the judgment of the district court.

----

[11]In Figueroa-Serrano, the plaintiffs claimed that the mayor's alleged statement that he intended to rid the Municipality of NPP employees, coupled with the competing political persuasions of the plaintiffs and defendants, constituted enough evidence of a First Amendment violation to withstand a motion for summary judgment. See 221 F.3d at 8. The district court rejected the plaintiffs' political discrimination claim because it was based solely upon conclusory statements and lacked any specific evidence, and we upheld this analysis. See id.