**Alcides Roman ROMAN,
et als., Plaintiffs,**

v.

**Carlos DELGADO ALTIERI,
et als., Defendants.**

**No. CIV. 01–1544(DRD).**

United States District Court,
D. Puerto Rico.

March 31, 2005.

Claudio Aliff–Ortiz, Eliezer Aldarondo–Ortiz, Pablo Landrau–Pirazzi, Ivan M. Castro–Ortiz, Aldarondo & Lopez, Guaynabo, PR, for Plaintiffs.

Grisselle Gonzalez–Negron, Luis E. Pabon–Roca, Clarisa Sola–Gomez, Faccio & Pabon Roca, Kenneth Colon–Alicea, San Juan, PR, for Defendants.

### ORDER

DOMINGUEZ, District Judge.

Pending before the Court is Defendants' *Motion for Summary Judgment and Memorandum of Law in Support Thereof* (Docket No. 78) filed on July 1, 2003, and the corresponding *Plaintiffs' Opposition to Defendants' Motion for Summary Judgment in Their Personal Capacities* (Docket No. 94) filed on January 7, 2004.

As to Plaintiffs **Alcides Roman Roman, Jose Luis Perez Soto, Yaritza Rosa Acevedo, Libertad Quiñones Santiago, Esmeralda Quiñones Roman, Mireya Cruz Rosa, Ruben Cintron Alemañy, Mayra Reyes Hernandez, Ruben del Rio Perez, Alberto Barreto Lopez, Ricardo Estremera Rodriguez and Yaritza Roman Crespo** claims pursuant to their rights under the First Amendment alleging political discrimination, the case is hereby **DISMISSED WITH PREJUDICE.** Hence, the Defendants' *Motion for Summary Judgment* is hereby **GRANTED** pursuant to *Cosme–Rosado v. Serrano–Rodriguez,* 360 F.3d 42 (1st Cir. 2004); *Figueroa–Serrano v. Ramos–Alverio,* 221 F.3d 1 (1st Cir.2000). Plaintiffs failed to establish a prima facie case and

failed to reach the threshold level required under the above stated First Amendment and Section 1983 precedent cases.

█ It is not enough to affirm that Plaintiffs are affiliated to a specific political party and are activists within that party, that the elected Mayor belongs to an opposite party and that they believe they were discriminated because their contract was not renewed after the defendants assumed office. The remaining evidence as to the group of Plaintiffs constitutes general and unsupported allegations based solely upon conclusory statements lacking specific evidence and thus fails to surpass summary judgment standards. (*Kauffman v. Puerto Rico Telephone Co.*, 674 F.Supp. 952, 959 (D.P.R.1987), *affirmed*, 841 F.2d 1169, (1st Cir.1988)). Merely providing self-serving conclusions that defendant was motivated by discriminatory animus is not enough to state a constitutional claim. The alleged facts must specifically identify particular instances of discriminatory treatment showing that causal connection exists linking defendants conduct, as manifested in the adverse employment action to employee's politics. *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 58 (1st Cir.1990). Therefore, their claim is **DISMISSED WITH PREJUDICE.** The First Amendment claim alleging political discrimination will continue as to the following Plaintiffs since they have reached the required threshold level: **Juan A. Bonilla Millet, Jose Crespo Misla, Nemesio Morales Valeatin, Olga Iris Rivera Soto, Elizabeth Rosado Ramos, Luis R. Bonilla Mercado, Wanda Leon Miranda, Omar Muñoz Barreto, Johnny Gonzalez Feliciano, Nancy Aquino Martinez, Alberto Augusto Mercado, Doris Martinez Lopez, Maricela Cruz Ortube** and **Mabel Vendrell Reyes.**

█ As to Plaintiffs **Jose Crespo Misla, Mayra Reyes Hernandez, Ruben Cintron Alemañy** and **Alberto Barreto Lopez** their claims under Due Process of Law violations pursuant to the Fifth and Fourteenth Amendment of the Constitution of the United States, are hereby **DISMISSED.**[1] Therefore, the Defendants' *Motion for Summary Judgment* is hereby **GRANTED.** The Plaintiffs conceded that "irregular employees do not hold a property right over their employment whose termination would give rise[sic.], in turn, to a colorable 42 U.S.C.A. § 1983 forged on due process considerations".

The Defendants' *Motion for Summary Judgment* as to career employees, Plaintiffs, **Jose Moya Carides, Mildred Roman Muñoz, Maribel Machado Rios, Carmen Ramos Santiago, Dolores Vendrell Corchado** and **Adalberto Gonzalez Acevedo**[2] alleging a cause of action based on harassment by the Defendants is hereby **DENIED.** The Plaintiffs have more than surpassed the threshold required by *Figueroa–Serrano*, 221 F.3d at 8.

█ As to Plaintiffs **Edna Maldonado Miranda, Agustin Hernandez Tavares, Luz E. Corchado Corchado, Rosa H. Rodriguez Juarbe, Maria A. Feliciano Rodriguez, William Martinez Lopez, Adalberto Gonzalez Medina, Mariano Crispin Escalera** and **Raul Juarbe Ponce** all classified by the Defendants as "Trust

**1.** The Court notices that the Defendants claim that the Due Process violation was also raised by Plaintiffs Ricardo Estremera Rodriguez and Juan Bonilla Millet although counsel for Plaintiffs affirms that only Crespo Misla, Reyes Hernandez, Cintron Alemañy and Barreto Lopez were the ones who claimed said violation. (*Plaintiffs' Memorandum of Law in Support of Their Opposition to Defendants' Motion for Summary Judgment*, Docket No. 94, p. 12, ¶ 1).

**2.** Adalberto Gonzalez Acevedo was terminated from employment at the municipality.

Employees Unlawfully Reinstated", and Plaintiffs **Wilfredo Roman Velez, Sonia M. Soltero Vigo, Angel Gonzalez Rivera** and **Luis Pimentel Avila** all classified by the Defendants as "Trust Employees With Illegal Career Appointments" the Court hereby **DENIES WITHOUT PREJUDICE** the Defendants' *Motion for Summary Judgment.* The Defendants Motion relies on opinion testimony as to a human resources experts which provided opinions as to the law. Hence since the uncontroverted facts are unclear, Defendants have failed to surpass the summary judgment standard threshold. The matter has become muddled by the opinion as to fact and law proffered by expert witness written testimonial as submitted by defendant.

It is well known that certain parts of expert testimony on the employment field, such as "actual personnel practices and the various categories of public employees and the like -are unobjectionable" *Nieves–Villanueva v. Soto–Rovera,* 133 F.3d 92, 99 (1st Cir.1997). However, references to illegal appointments and non compliance with rules and regulations based on Puerto Rican law and/or Federal rights of the affected employees are clearly objectionable.

Further, it has been established that:
It is black-letter law that "[i]t is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." *United States v. Newman,* 49 F.3d 1,7 (1st Cir.1995)(quoting *Marx & Co. v. Diners' Club, Inc.,* 550 F.2d 505 512 (2d Cir.1977)). At least seven circuit courts have held that the Federal Rules of Evidence prohibit such testimony, and we now join them as to the general rule.... **To state the general rule is not to decide the far more complicated and measured question of when there is a transgression of the rule**.... However, questions of law are "not to be decided by the trier of fact"; rather it is for the judge, not the lawyers or the witnesses, to inform the jury of the applicable law in the case and to decide any purely legal issue. (Emphasis ours).

*Nieves–Villanueva,* 133 F.3d at 99–100. Further, Rule 702, Fed.R.Evid., bars expert testimony as to the law. This is a matter reserved exclusively for the trial judge. *U.S. v. Barsanti,* 943 F.2d 428, 432–433 (4th Cir.1991)(proper to exclude expert testimony interpreting statutes); *Peterson v. City of Plymouth,* 60 F.3d 469, 475 (8th Cir.1995)(self-described expert in police practice should not have been permitted to render opinion that was a statement of legal conclusion); *Burkhart v. Washington Metro. Area Trans.Auth.,* 112 F.3d 1207, 1213 (D.C.Cir.1997)("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards").

The Defendant is to place in a logical, concise and sequential manner the evidence per defendant as to why their individual appointments are illegal **excluding all opinion testimony** within the next **ten (10) days**. Plaintiffs are to respond also within **ten (10) days thereafter.**

As to the issue of Qualified Immunity requested by the Defendants, the Court hereby **DENIES** the Defendants' *Motion for Summary Judgment,* as to all employees (alleging First Amendment violations) that have not been dismissed from this case. As to these non-career employees covered by the First Amendment which are not in trust positions or positions requiring political affiliation, there is no Qualified Immunity for refusing to rehire based on First Amendment violations. *Cheveras Pacheco v. Rivera–Gonzalez,* 809 F.2d 125 (1st Cir.1987).

The Court also **DENIES** as **MOOT** the Qualified Immunity as to those employees whose causes of action have been herein dismissed.

Further, as to those employees classified by the Defendants as "Trust Employees Unlawfully Reinstated" and "Trust Employees With Illegal Career Appointments" there are genuine issues of material fact that were attempted to be established by expert opinion. It is known that Qualified Immunity shall not be granted when there is a controversy as to genuine issues of fact pending before the Court. *See Caro v. Aponte–Roque,* 878 F.2d 1 (1st Cir.1989). Therefore, as to these employees the Defendants' *Motion for Summary Judgment* is hereby **DENIED WITHOUT PREJUDICE.**

The Defendants' shall resubmit their *Motion for Summary Judgment* excluding experts' opinion and relying solely on the individual plaintiffs' facts within the **next ten (10) days. NO EXTENSIONS ARE TO BE GRANTED.** Plaintiffs are forewarned that if facts are provided showing the illegality of the appointments, *Kauffman* rules.

The Court will refrain from issuing a partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. *See Nichols v. Cadle Co.,* 101 F.3d 1448, 1449 (1st Cir.1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); *Zayas–Green v. Casaine,* 906 F.2d 18, 21 (1st Cir.1990) ("This final judgment rule ... furthers 'the strong congressional policy against piecemeal review.'" *Id.* (quoting *In re Continental Investment Corp.,* 637 F.2d 1, 3 (1st Cir.1980)); *Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority,* 888 F.2d 180, 183

(1st Cir.1989); *Consolidated Rail Corp. v. Fore River Ry. Co.,* 861 F.2d 322, 325 (1st Cir.1988); *Spiegel v. Trustees of Tufts College,* 843 F.2d 38, 43 (1st Cir.1988); *Santa Maria v. Owens–Ill., Inc.,* 808 F.2d 848, 854 (1st Cir.1986)); *see also United States v. Nixon,* 418 U.S. 683, 690, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

**IT IS SO ORDERED**