122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marcos Samuel JACOBO-QUIROZ, Defendant-Appellant.
 No. 96-56236.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 Appeal from the United States District Court for the Southern District of California Gordon Thompson, Jr., District Judge, Presiding
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Marcos Samuel Jacobo-Quiroz, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 37-month sentence. Jacobo-Quiroz pleaded guilty to illegal. reentry following deportation after conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Jacobo-Quiroz contends his counsel was ineffective and the district court improperly applied the Sentencing Guidelines. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de nova the denial of a section 2255 motion, see United States Harris, 108 F.3d 1107, 1108 (9th Cir.1997), and affirm.
 
 
 3
 Jacobo-Quiroz first contends his counsel was ineffective because he did not comply with Jacobo-Quiroz's demand to oppose the inclusion in the plea agreement of the parties' agreement to recommend a sixteen-level increase under U.S.S.G. § 2L1.2(b)(2). He also contends his counsel was ineffective because he failed to challenge the increase at sentencing. These contentions are meritless.
 
 
 4
 "In challenging a guilty plea for ineffective assistance of counsel," a defendant must establish that counsel's performance was deficient and that the defendant was prejudiced as a result. See Shall v. United States, 878 F.2d 1 L56, 1158 (9th Cir.1989). To establish prejudice, the defendant must show a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 694 (1984). If the defendant fails to establish prejudice, the court need not examine counsel's performance. See id. at 69?'.
 
 
 5
 Liberally construing his argument, Jacobo-Quiroz maintains his counsel should have challenged sections 1326(b)(2) and 2L1.2(b)(2) on ex post facto grounds. Such a challenge, however, would have failed, because the relevant offense for ex post facto purposes is Jacobo-Quiroz's 1995 illegal reentry, not his 1983 attempted murder. See United States v. Azarte-Nunez, 18 F.3d 730, 733-35 (9th Cir.1994). Accordingly, the district court did not err in concluding Jacobo-Quiroz had not shown that he was prejudiced by counsel's failure to raise an ex post facto challenge. See Strickland, 466 U.S. at 687.
 
 
 6
 Finally, Jacobo-Quiroz is precluded from raising in a section 2255 motion his contention that the district court erred by applying the section 2L1.2(b)(2) increase, because he knowingly and voluntarily waived his right to collaterally attack his sentence as part of his plea agreement. See Pruitt, 32 F.3d at 433; United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.1993). Accordingly, the district court did not err by denying JacoboQuiroz's section 2255 motion.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without. oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3