**Athanasiou v. Town of Erroll          CV-98-606-B     07/09/99**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>**Frank Athanasiou**</u>

    **v.**                                              Civil No. 98-606-B

<u>**Town of Errol, et al.**</u>

# O R D E R

Frank Athanasiou brings a complaint pursuant to 42 U.S.C. § 1983, alleging that the Town of Errol, New Hampshire, and its selectmen, Larry Enman and Cheryl Lord, violated his rights to substantive due process and equal protection of the law. Defendants have moved for summary judgment. I base my ruling on the following facts which I draw from the parties' submissions and construe in the light most favorable to the plaintiff.

Athanasiou is an American citizen of Greek ancestry who owns property in Errol. On December 1, 1997, he attended a meeting of the Town of Errol Board of Selectmen and complained bitterly about a prior decision by the Board which led to the naming of the street on which his home was located. According to the selectmen, the street had to be given a name in preparation for the arrival of enhanced 911 service in Errol, and the Board solicited suggestions by way of a notice posted on a bulletin

board in the town center.  Athanasiou noted that, because his primary residence is in Manchester, he never saw the notice, and vigorously objected to the fact that the road, which he built, was named without his permission or approval.

An argument ensued and heated words were exchanged.  At one point, the chairman of the Board of Selectmen, Larry Enman, told Athanasiou to "get the hell back to Greece" if he didn't like the way town government was conducted in Errol.  Enman also repeatedly used profanity in addressing Athanasiou.

Unsatisfied with the solutions proposed by the Board of Selectmen, Athanasiou posted a handmade road sign on his property using his preferred name for the road.  In June or July 1998, however, his handmade sign disappeared.  When Athanasiou demanded that the Board of Selectmen find and replace the sign, the Board's administrative assistant informed Athanasiou that the Errol police chief had resigned and that when a new chief was appointed, he or she would be asked to investigate the matter.  At the time, Errol had only three part-time police officers who did not routinely investigate property crimes involving property of nominal value.

## DUE PROCESS CLAIMS

The evidence cited above simply does not support a

substantive due process claim. A person does not have a protected liberty or property interest in having public officials refrain from using vulgar language, or in having the police investigate petty theft. See e.g., Robinson v. Montgomery Ward and Co., Inc., 823 F.2d 793, 797 (4th Cir. 1987)("occasional or sporadic instances of the use of racial or ethnic slurs in and of themselves do not constitute acts of . . . discrimination"); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)(a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another). Further, the First Circuit has found "conscience shocking" conduct sufficient to state a substantive due process violation only where state actors engaged in "extreme or intrusive physical conduct." Souza v. Pina, 53 F.3d 423, 427 (1st Cir. 1995)(emphasis added). Compare Pittsley v. Warish, 927 F.2d 3, 5-7 (1st Cir. 1991)(holding that the behavior of police officers who told two young children "[i]f we ever see your father on the street again, you'll never see him again" did not "shock the conscience" sufficiently to constitute a Constitutional violation) with Harrington v. Almy, 977 F.2d 37 (1st Cir. 1992)(holding that the requirement that a police officer charged with child abuse take a penile plethysmograph while viewing sexually explicit slides of adults and children in order to exonerate himself "shocked the conscience" of the

reasonable fact-finder). Athanasiou makes no allegations of any such intrusiveness in this case.

Because Athanasiou fails to present the evidence required to maintain a viable substantive due process claim, defendants' motion for summary judgment as to this claim is granted.

## EQUAL PROTECTION CLAIMS

Athanasiou has also failed to produce sufficient evidence to support an equal protection violation. To establish a viable equal protection claim, a plaintiff must allege that he was selectively treated on the basis of his national origin, see Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st Cir. 1989); Yerardi's Moody St. Restaurant & Lounge, Inc. v. Board of Selectmen of the Town of Randolph, 878 F.2d 16, 21 (1st Cir. 1989), and that the selective treatment was motivated by discriminatory intent. See Village of Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 265 (1977). Athanasiou, however, presents no evidence to support his allegations that the town failed to investigate his stolen property claim because he is of Greek descent. Evidence that a member of the Board of Selectmen made an improper ethnic remark to the plaintiff six months prior to the disappearance of the road sign will not, without more, support an equal protection

-4-

violation.  See Dartmouth Review, 889 F.2d at 19 (to prove equal protection violation, plaintiff must identify "instances which have the capacity to demonstrate that [the plaintiff was] singled . . . out for unlawful oppression").

Ethnic slurs and profanity by public officials have no place in public discourse.  Nevertheless, defendants did not violate Athanasiou's Constitutional rights.

Defendants' motion for summary judgment (document no. 8) is granted.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

July 9, 1999

cc:  John Alexander, Esq.
     Sarah Heintz, Esq.