Andres **CASTILLO ORTIZ,**
et al., **Plaintiffs,**

v.

**HOSPITAL AUXILIO MUTUO,**
et al., **Defendants.**

Civil No. 04–1911 (JAG).

United States District Court,
D. Puerto Rico.

March 29, 2007.

**176**

Pedro J. Varela–Fernández, Pedro J. Varela Law Office, San Juan, PR, for Plaintiffs.

Raphael Pena–Ramón, Raphael Pena–Ramón, De Corral & De Mier, José A. González–Villamil, González Villamil Law Office, Juan M. Masini–Soler, Juan Masini–Soler Law Office, Igor Domínguez–Pérez, Igor J. Domínguez Law Office, Luisa Velázquez–Aparicio, Doris Quiñones–Tridas, Quiñones Tridas Law Office, PSC, Benjamín Morales–Del Valle and Jaime E., Morales–Morales Law Offices, Gilda Del C. Cruz–Martinó, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On September 1, 2004, Andres Castillo Ortiz, Trinidad Barreiro Colon, the Conjugal Partnership constituted between them, Co. Lourdes Castillo Barreiro, Dr. Yselle Castillo Barreiro and Dr. Ivette Castillo Barreiro (collectively, "Plaintiffs") filed a complaint alleging medical malpractice against Hospital Auxilio Mutuo, its Agents, Employees and Successors in Office, Dr. José García Morales, Dr. Ricardo Miranda Rodríguez, Dr. Miguel Colón Martínez, Dr. Tomás Lugo, Sindicato de Aseguradores para la Suscripción Conjunta de Seguro de Responsabilidad Medico Hospitalaria ("SIMED"), Triple S, and Insurance Companies A–Z. *(See* Docket No. 1). On October 22, 2004, Plaintiffs filed a First Amended Complaint and on September 1, 2005, a Second Amended Complaint. *(See* Docket Nos. 15, 61).

SIMED filed a Motion for Partial Summary Judgment on March 21, 2006 alleging that the complaint against it as insurance carrier of Hospital Auxilio Mutuo should be dismissed because it does not have a policy for Hospital Auxilio Mutuo. (Docket No. 100). Plaintiffs did not file an opposition to SIMED's motion. Because of a clerical mistake in the caption of its Motion for Partial Summary Judgment, the Court notified SIMED that the filing was defective. SIMED then re-filed the motion on March 6, 2007. (Docket No. 120). Plaintiffs did not oppose said filing. Accordingly, the Court is now in a position to rule upon the Motion for Partial Summary Judgment.

For the reasons discussed below, the Court **GRANTS** SIMED's Motion for Partial Summary Judgment.

## DISCUSSION

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *See also Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 52. (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See* Fed. R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.,* 229 F.3d 49 (1st Cir.2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. *Id.* at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

Local Rule 56 requires the moving party to file a "separate, short, and concise statement of the material facts ... as to which the moving party contends there is no genuine issue of material fact to be tried," properly supported by specific references to the record. Similarly, the rule requires the nonmoving party to file an opposing statement, where it admits, denies or qualifies the facts listed by the moving party. All material facts set forth in the moving party's statement, if supported by record citations, "shall be deemed to be admitted unless properly controverted by the statement required to be served by the opposing party."

■ As noted earlier, Plaintiffs did not oppose the partial summary judgment motion. As a result, Plaintiffs have failed to comply with the so-called "anti-ferret rule," as they have not presented a concise statement of material facts as to which there is a genuine issue to be tried. The Court is not required to "ferret through the record" lurking for facts that may favor plaintiffs when those facts were not proffered under a counterdesignation of facts as required by the Local Rules. *Morales v. Orssleff's EFTF*, 246 F.3d 32, 33 (1st Cir.2001). "When a party opposing a motion for summary judgment fails to comply with the 'anti-ferret rule,' the statement of material facts filed by the party seeking summary judgment [shall be] deemed ... admitted." *Mendez Marrero v. Toledo*, 968 F.Supp. 27, 34 (D.P.R.1997); *Tavarez v. Champion Prods., Inc.*, 903 F.Supp. 268, 270 (D.P.R.1995).

■ Although the Plaintiffs' failure to provide a statement of contested material facts does not automatically warrant the granting of summary judgment, "it launches [their] case down the road towards an easy dismissal." *Mendez Marrero*, 968 F.Supp. at 34. Since all material facts in SIMED's statement of uncontested material facts are deemed admitted, the Court need only examine whether, given the uncontested facts, SIMED is entitled to judgment as a matter of law.

■ In this case, SIMED alleges that although it issued several policies in favor of various defendants in this case, it does not have a policy for Hospital Auxilio Mutuo. To support its motion for partial summary judgment, SIMED filed a sworn statement in which Carmen Alfonso Valle, in her capacity as Underwriting Manager of SIMED, swears that SIMED has not issued any policy in favor of Hospital Auxilio Mutuo. Unopposed, this fact is deemed admitted. Consequently, SIMED should not be held to respond for Hospital Auxilio Mutuo. As such, there is no issue as to any material fact and SIMED, as alleged insurance carrier of Hospital Auxilio Mutuo, is entitled to partial summary judgment as a matter of law. Accordingly, partial summary judgment is appropriate.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant SIMED's motion for partial summary judgment and hereby dis-

**178**

misses the complaint against SIMED as alleged insurance carrier of Hospital Auxilio Mutuo. SIMED remains a as party in this case, however, as insurance carrier of several other defendants. Judgment shall enter accordingly.

IT IS SO ORDERED.